# Third District Court of Appeal

**State of Florida**

Opinion filed December 3, 2014.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D13-3279
Lower Tribunal No. 90-14763-A

————————————

**Waymon Bishop,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Waymon Bishop, in proper person.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and LAGOA and SCALES, JJ.

PER CURIAM.

Waymon Bishop appeals the trial court's November 18, 2013 order denying his motion to clarify his sentences in lower tribunal case number 90-14763-A.[1] This court has considered Bishop's motion as filed pursuant to Florida Rule of Criminal Procedure 3.800(a).

The order on review states, in pertinent part, "[I]n 2001, pursuant to the Jimmy Ryce act [sic] the defendant was found to be a sexual predator" in lower tribunal case number 01-10787.

The State concedes that it dismissed its petition to have Bishop declared a sexual predator under the Jimmy Ryce Act in lower tribunal case number 01-10787.[2]

Accordingly, we remand for the limited purpose of striking the sexual predator language from the trial court's November 18, 2013 order.[3]

Remanded with directions.

---

[1] In lower tribunal case number 90-14763-A, Bishop was sentenced to ten years in prison after pleading guilty to kidnapping, false imprisonment, and seven counts of sexual battery.

[2] The State had sought to have Bishop committed under the Jimmy Ryce Act as a sexually violent predator in lower tribunal case number 01-10787. According to the State, however, after Bishop received a life sentence in an unrelated case (lower tribunal case number 98-41196), the State dismissed its Jimmy Ryce Petition. Bishop's life sentence in lower tribunal case number 98-41196 was subsequently reduced to twenty years.

[3] We note that Bishop's convictions may qualify him as a "sexual offender" under section 943.0435, Florida Statutes; that issue, however, is not before us.